UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN SQUILLO, as Parent and Next Friend of STEVEN SQUILLO, a minor, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. ) ) |
| OSWEGO COMMUNITY UNIT SCHOOL DISTRICT NO. 308, a/k/a OSWEGO HIGH SCHOOL, COACH ANDREW COOK, and COACH SEAN STAFFELDT, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, STEVEN SQUILLO, as Parent and Next Friend of STEVEN SQUILLO, a minor, complaining of the Defendants, OSWEGO COMMUNITY UNIT SCHOOL DISTRICT NO. 308, a/k/a OSWEGO HIGH SCHOOL, COACH ANDREW COOK, and COACH SEAN STAFFELDT, stating as follows:

### Introduction

1. This complaint is brought to seek redress and damages, under 42 U.S.C. §1983 and Illinois common law, for the injuries and other damages sustained by Steven Squillo, a minor, directly and proximately resulting from the unreasonable, willful and wanton, deliberately indifferent and conscience-shocking conduct of the Defendants identified herein, which conduct was in violation of the constitutional and state common law rights of the Plaintiffs, Steven Squillo, and his son, Steven Squillo a minor.

**Jurisdiction and Venue**

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, as the claims are brought under the authority of 42 U.S.C. §1983, for claims that arise under the Constitution and laws of the United States of America. This Court has supplemental jurisdiction over the subject matter of claims brought under Illinois common law, herein pursuant to 28 U.S.C. §1367(a), as the state law claims are so related to the federal law claims that they arise out of the same common nucleus of operative fact and form part of the same case or controversy under Article III of the United States Constitution.

3. The Court has venue over the subject matter and parties hereto pursuant to 28 U.S.C. §1391(b)(1) and (2), as the events giving rise to the claims all occurred within this judicial district, and the parties are believed to reside in Illinois and within this judicial district.

**The Parties**

4. The Plaintiff, Steven Squillo, is at all times herein relevant, the natural parent of Steven Squillo, a minor, and resides in Oswego, Kendall County, Illinois. Steven Squillo was born on August 23, 2000. He is currently seventeen-years-old and a junior at Oswego High School, a unit school of the Defendant, Oswego Community Unit School District No. 308.

5. The Defendant, Coach Andrew Cook, was at all times herein, a football coach employed at Oswego High School, acting within the scope of his employment with Defendant, Oswego Community Unit School District No. 308. Coach Andrew Cook is sued as an individual and apparent agent of Defendant, Oswego Community Unit School District No. 308, in regard to Counts II, III, and IV.

6. The Defendant, Coach Sean Staffeldt, was at all times herein a football coach employed at Oswego High School, acting within the scope of his employment with Defendant,

Oswego Community Unit School District No. 308. Coach Sean Staffeldt is sued in his individual capacity in regard to Count I, and as an individual and apparent agent of Defendant, Oswego Community Unit School District No. 308, in regard to Counts II, III, and IV.

7. Oswego Community Unit School District No. 308 is an Illinois Community Unit School District.

**Facts Common to All Counts**

8. At all times relevant hereto, and on or about September 13, 2016, Oswego Community Unit School District No. 308 operated Oswego High School located at 4175 Route 71, Oswego, Illinois 60543.

9. At all times relevant hereto, and on or about September 13, 2016, Steven Squillo and his son, Steven Squillo, a sixteen-year-old minor, were residents of Oswego, Illinois.

10. At all times relevant hereto, and on or about September 13, 2016, Steven Squillo attended Oswego High School.

11. At all times relevant hereto, and on or about September 13, 2016, Oswego Community Unit School District No. 308 directed, operated, and/or supervised a high school football team that played for, and practiced, at Oswego High School.

12. At all times relevant hereto, and on or about September 13, 2016, Steven Squillo was a student athlete who participated and played on the Oswego High School football team at Oswego High School.

13. At all times relevant hereto, and on or about September 13, 2016, Steven Squillo was a student athlete and played the running back position for the Oswego High School team.

14. At all times relevant hereto, and on or about September 13, 2016, Oswego Community Unit School District No. 308, by and through its coaches and employees, including

Coach Andrew Cook and Coach Sean Staffeldt, directed, operated, and/or supervised an Oswego High School football practice.

15. At all times relevant hereto, and on or about September 13, 2016, Steven Squillo along with numerous other student athletes, participated in a football practice.

16. At all times relevant hereto, and on or about September 13, 2016, Oswego Community Unit School District No. 308, acting by and through its duly authorized coaches and employees, including Coach Sean Staffeldt, directed its student athletes, including Steven Squillo, to engage in a running back drill at the football practice. Coach Sean Staffeldt directed Steven Squillo to be the running back for this drill.

17. At all times relevant hereto, and on or about September 13, 2016, during the running back drill, Coach Sean Staffeldt stood behind the quarterback and Steven Squillo, the running back, to observe and direct the players engaged in the running back drill.

18. At all times relevant hereto, and on or about September 13, 2016, during the running back drill, the quarterback handed the football to Steven Squillo.

19. At all times relevant hereto, and on or about September 13, 2016, during the running back drill, Steven Squillo received the handoff and began moving with the football.

20. At all times relevant hereto, and on or about September 13, 2016, during the running back drill, a linebacker charged toward Steven Squillo with his helmet down, striking Steven Squillo in a violent, helmet-to-helmet hit, which was observed by Coach Sean Staffeldt. There was a loud sound from the helmet contact, and Steven Squillo fell to the ground, striking his head a second time. He remained on the ground for about thirty seconds, and then slowly returned to his feet after falling to the ground.

21. At all times relevant hereto, and on or about September 13, 2016, Steven Squillo

felt dizzy and ill, and requested Coach Sean Staffeldt, the observing coach, to allow him to go sit on the sideline. Coach Sean Staffeldt approved Steven Squillo's request, and Steven Squillo went to the sideline to sit down.

22. At all times relevant hereto, and on or about September 13, 2016, Steven Squillo sat on the sideline for approximately thirty minutes. Steven Squillo was in tears while he sat on the sideline.

23. At all times relevant hereto, and on or about September 13, 2016, Oswego High School football coaches, including Sean Staffeldt, were near Steven Squillo's vicinity, and observed Steven Squillo while he sat on the sideline.

24. At all times relevant hereto, and on or about September 13, 2016, no coaches, physicians, or athletic trainers examined or conversed with Steven Squillo while he sat on the sideline.

25. At all times relevant hereto, and on or about September 13, 2016, Steven Squillo then returned to practice without being evaluated by a physician or athletic trainer.

26. At all times relevant hereto, and on or about September 13, 2016, School District No. 308, acting by and through its duly authorized coaches and employees, including Coach Andrew Cook and Coach Sean Staffeldt, then directed its student athletes, including Steven Squillo, to engage in an eleven-on-eleven drill. Steven Squillo was again directed to play the running back position.

27. At all times relevant hereto, and on or about September 13, 2016, and upon returning to the practice, Steven Squillo engaged in athletic competition, which was observed by Coach Sean Staffeldt.

28. At all times relevant hereto, and on or about September 13, 2016, upon returning

to practice, Steven Squillo received several handoffs and was tackled to the ground on several occasions, which was observed by Coach Sean Staffeldt.

29. At all times relevant hereto, and on or about September 13, 2016, upon returning to practice, Steven Squillo was given a handoff during an eleven-on-eleven drill, cutting to the outside. During the handoff, a linebacker charged toward Steven Squillo and tackled him, striking him in the head, which was observed by Coach Sean Staffeldt and Coach Andrew Cook. Steven Squillo fell, striking his head on the ground once again, which was observed by Coach Sean Staffeldt and Coach Andrew Cook.

30. At all times herein relevant and on and prior to September 13, 2016, School District 308 had a Board of Education Policy Manual (hereinafter, "Policy Manual").

31. At all times herein relevant and on and prior to September 13, 2016, School District 308 agreed to adopt and implement a program to manage concussions and head injuries suffered by students under section 7:305 of its Policy Manual.

32. At all times herein relevant and on and prior to September 13, 2016, Section 7:305 of the Policy Manual mandated that the superintendent "shall develop and implement a program to manage concussions and head injuries suffered by students."

33. At all times herein relevant and on and prior to September 13, 2016, Section 7:305 of the Policy Manual mandated that:

> **"[a] a student shall be removed from an interscholastic athletic practice or competition immediately if any of the following individuals believes that the student sustained a concussion during the practice and/or competition: a coach, a physician, a game official, an athletic trainer, the student's parent/guardian, the student, or any other person deemed appropriate under the return-to-play protocol."**

34. At all times herein relevant and on and prior to September 13, 2016, Section 7:305 of the Policy Manual mandated that:

6

> **"[a] student who was removed from interscholastic athletic practice or competition shall be allowed to return only after all statutory prerequisites are completed, including without limitation, the return-to-play protocols developed by the Concussion Oversight Team. An athletic team coach or assistant coach may not authorize a student's return-to-play or return-to-learn."**

35. At all times herein relevant and on and prior to September 13, 2016, Section 7:305 of the Policy Manual mandated that the program shall:

> **"[c]omply with the concussion protocols, policies, and by-laws of the Illinois High School Association, including *its Protocol for NFHS Concussion Playing Rules* and *its Return to Play Policy*. These specifically require that:**
>
> **a.** **A student athlete who exhibits signs, symptoms, or behaviors consistent with a concussion in practice or game shall be removed from participation or competition at that time.**
>
> **b.** **A student athlete who has been removed from an interscholastic contest for a possible concussion or head injury may not return to that contest unless cleared to do so by a physician licensed to practice medicine in all its branches in Illinois or a certified athletic trainer.**
>
> **c.** **If not cleared to return to that contest, a student athlete may not return to play or practice until the student athlete has provided his or her school with written clearance from a physician licensed to practice medicine in all its branches in Illinois or a certified athletic trainer working in conjunction with a physician licensed to practice medicine in all its branches in Illinois."**

36. At all times relevant and on or about September 13, 2016, School District 308 had a Return to Learn (RTL) and Return to Play (RTP) Protocol for Concussion, which stated that:

> **"Athletes suspected of a concussion will be pulled from game or practice and must meet minimum requirements to return to participation which includes release by a physician or athletic trainer working under a physician's license/direction to return to play."**

37. At all times relevant and on or about September 13, 2016, 105 ILCS 5/22-80 governed any interscholastic athletic activity, including practice and competition, sponsored or sanctioned by a school or the Illinois High School Association.

38. At all times relevant and on or about September 13, 2016, 105 ILCS 5/22-80(f) required for student athletes to be immediately removed from practice if a coach believes a student might have sustained a concussion.

39. At all times relevant and on or about September 13, 2016, 105 ILCS 5/22-80(g), prohibited a student removed from practice or competition from returning to practice until: (1) the student has been evaluated by a treating physician or an athletic trainer working under the supervision of a physician; (2) the student has completed the return-to-play protocol; (3) the student has completed the return-to-learn protocol; (4) the treating physician or athletic trainer has provided a written statement indicating that it is safe for the student to return to play and return to learn; and (5) the student's parents have, among other requirements, consented to the student's return to play.

40. At all times relevant and on or about September 13, 2016, 105 ILCS 5/22-80(g), mandated that a coach may not authorize a student's return to play.

41. At all times relevant and on or about September 13, 2016, the high school football practice in which Steven Squillo was a participant, was governed by the Board of Education Policy Manual, Return to Learn (RTL) and Return to Play (RTP) Protocol for Concussion, and 105 ILCS 5/22-80, and school employees and coaches, including Coach Andrew Cook and Coach Sean Staffeldt, were required to follow the Board of Education Policy Manual, Return to Learn (RTL) and Return to Play (RTP) Protocol for Concussion, and 105 ILCS 5/22-80.

42. At all times relevant and on or about September 13, 2016, Steven Squillo exhibited to the coaches certain concussion-like behavior and/or symptoms, including dizziness and feeling ill, after being struck on the head during the running back drill.

43. At all times relevant and on or about September 13, 2016, School District 308,

Coach Andrew Cook, and Coach Sean Staffeldt, knew that it was highly dangerous to permit a student athlete exhibiting concussion-like behavior and/or symptoms to return to practice or participate in a full contact sport practice, such as a football practice, without first being cleared by a physician or a certified athletic trainer working in conjunction with a physician, to ensure that the danger of harm to the student athlete is not increased or augmented.

COUNT I
FOURTEENTH AMENDMENT VIOLATION  -  42 U.S.C. §1983
*State Augmented Danger Individual Liability*

1-43. Plaintiffs incorporate by reference paragraphs 1 through 43 above as if fully set forth herein.

44. At all times herein relevant, the Plaintiff, Steven Squillo, enjoyed rights and privileges secured by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America to be free from government actors increasing or augmenting danger.

45. The Defendant, Coach Sean Staffeldt, unlawfully augmented the danger of harm and/or increased the risk of harm to Steven Squillo, without justification. At all times Defendant, Coach Sean Staffeldt, actively and affirmatively returned Steven Squillo to practice, despite his subjective knowledge that Steven Squillo, having been struck in the head during the running back drill, was manifesting behavior and/or symptoms of a concussion, including dizziness and/or feeling ill. As a direct and proximate result of the deliberately indifferent and conscience-shocking conduct of the Defendant, Coach Sean Staffeldt, in violation of the rights and guarantees of the minor, Steven Squillo, to Due Process of law under the Fourteenth Amendment to the Constitution of the United States, to be free from state augmented danger of harm and/or increased risk of bodily harm, the minor, Steven Squillo, was returned to participate in the

football practice and suffered a second trauma to his head.

46. Plaintiff, Steven Squillo, as Parent and Next Friend of the minor, Steven Squillo, seeks the recovery of damages related to the injuries, including a severe head injury with post-concussion syndrome, suffered by the minor as a result of the Defendant's conduct as stated herein.

WHERFORE, the Plaintiff, Steven Squillo, as Parent and Next Friend of the minor, Steven Squillo, demands judgment in his favor and against the Defendant, Coach Sean Staffeldt, for compensatory damages in an amount in excess of $1,000,000, plus a reasonable attorneys' fee and non-taxable costs pursuant to 42 U.S.C. §1988, plus taxable costs pursuant to Federal Rule of Civil Procedure 54.

## COUNT II
## WILLFUL AND WANTON – STATE LAW
*Individual & Respondeat Superior Liability*

1-46. Plaintiffs incorporate by reference paragraphs 1 through 46 above as if fully set forth herein.

47. At all times herein relevant and material hereto, Defendants, Oswego Community School District No. 308, Coach Andrew Cook, and Coach Sean Staffeldt, had a duty to refrain from conduct manifesting an utter indifference for the safety and welfare of Steven Squillo, a minor, during its football practice.

48. Despite the aforesaid duties owed, Defendants, Oswego Community School District No. 308, Coach Andrew Cook, and Coach Sean Staffeldt, were guilty of one or more of the following willful and wanton acts and/or omissions manifesting an utter indifference for the safety of Steven Squillo:

    a. Acted with an utter indifference for the safety and welfare of Steven Squillo by failing to remove Steven Squillo from athletic competition after

        he exhibited concussion-like behavior and/or symptoms, in direct violation of the Board of Education Policy Manual, Return to Learn (RTL) and Return to Play (RTP Protocol for Concussion, and 105 ILCS 5/22-80;

    b.    Acted with an utter indifference for the safety and welfare of Steven Squillo by permitting him to return to athletic competition after it became apparent he may have suffered a concussion without having him evaluated by a physician or an athletic trainer working under a physician's license/direction, in direct violation of the Board of Education Policy Manual, Return to Learn (RTL) and Return to Play (RTP Protocol for Concussion, and 105 ILCS 5/22-80;

    c.    Acted with an utter indifference for the safety and welfare of Steven Squillo by permitting him to return to athletic competition after it became apparent he may have suffered a concussion without approval by a physician or an athletic trainer acting under the direction of a physician in direct violation of 105 ILCS 5/22-80(f); and

    d.    Otherwise acted with utter indifference for the safety and welfare of Steven Squillo after he exhibited concussion-like behavior and/or symptoms and/or it became apparent he may have suffered a concussion during football practice.

49.    As a proximate result of one or more of the above acts or omissions of Defendants, Oswego Community School District No. 308, Coach Andrew Cook, and Coach Sean Staffeldt, Steven Squillo suffered multiple traumatic impacts to his brain during football practice, after he exhibited concussion-like symptoms and/or it was apparent he may have suffered a concussion, thereby causing Steven Squillo to suffer a severe head injury and damages of a personal and pecuniary nature, all being past, present, and future.

    WHEREFORE, the Plaintiff, Steven Squillo, as Parent and Next Friend of the minor, Steven Squillo, demands judgment in his favor and against the Defendants, Oswego Community Unit School District No. 308, Coach Andrew Cook, and Coach Sean Staffeldt, jointly and severally, for compensatory and punitive damages in an amount in excess of $1,000.000, plus taxable costs pursuant to Federal Rule of Civil Procedure 54.

## COUNT III
### RESPONDEAT SUPERIOR -- STATE LAW
*Oswego Community Unit School District No. 308*

1-49.   Plaintiffs incorporate by reference paragraphs 1 through 49 above as if fully set forth herein.

50.   At all times herein relevant hereto, each of the Defendants, Coach Andrew Cook and Coach Sean Staffeldt, were acting as the actual and/or apparent agent and/or employee of the Defendant, Oswego Community Unit School District No. 308, in connection with all individual and/or concerted acts and/or omissions ascribed to each of them herein, and, therefore, each was acting within the scope of his employment with the Defendant, Oswego Community Unit School District No. 308.

51.   As a result of the actions of the Defendants, Coach Andrew Cook and Coach Sean Staffeldt, as set forth in this complaint, the Defendant, Oswego Community Unit School District No. 308, is liable for the acts and omissions of its agents, the Defendants, Coach Andrew Cook and Coach Sean Staffeldt, sought in Count II, above.

WHEREFORE, the Plaintiff, Steven Squillo, as Parent and Next Friend of the minor, Steven Squillo, demands judgment in his favor and against the Defendant, Oswego Community Unit School District No. 308, in an amount in excess of $1,000,000, plus taxable costs pursuant to Federal Rule of Civil Procedure 54.

## COUNT IV
### FAMIL EXPENSE ACT -- STATE LAW
*Oswego Community Unit School District No. 308, Coach Andrew Cook, and Coach Sean Staffeldt*

1-51.   Plaintiffs incorporate by reference paragraphs 1 through 51 above as if fully set forth herein.

52. As a proximate result of one or more of the above acts or omissions of Defendants, Steven Squillo suffered a severe head injury and damages of a personal and pecuniary nature, all being past, present, and future.

53. This action is brought pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, Steven Squillo, as Parent and Next Friend of the minor, Steven Squillo, asks for judgment against the Defendants, Oswego Community Unit School District No. 308 a/k/a Oswego High School, Coach Andrew Cook, and Coach Sean Staffeldt, in such sum as will reasonably and fairly compensate the Plaintiff for his damages resulting from the Defendants' willful and wanton conduct, for costs of suit, and for all other and further proper relief.

Plaintiff demands trial by jury.

Respectfully submitted by:

JOHN J. MALM & ASSOCIATES, P.C.


By: /s/ John J. Malm
     One of Plaintiff's Attorneys


John J. Malm  [ #6216482 ]
Jason P. Schneider  [ #6306938 ]
JOHN J. MALM & ASSOCIATES, P.C.
1730 Park Street, Suite 201
Naperville, IL  60563
630-527-4177 Telephone
630-527-4178 Facsimile
john@malmlegal.com
jason@malmlegal.com

Attorneys for STEVEN SQUILLO, as Parent
and Next Friend of STEVEN SQUILLO, a minor